# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Shelia Hallman-Warner,**
**Petitioner Below, Petitioner**

**v.) No. 25-141** (24-ICA-132)

**Ryan Umina,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Shelia Hallman-Warner appeals the December 23, 2024, memorandum decision of the Intermediate Court of Appeals of West Virginia ("ICA"), affirming the order of the Circuit Court of Kanawha County entered on February 26, 2024, granting the respondent's renewed motion to dismiss.[1] *See Hallman-Warner v. Umina*, No. 24-ICA-132, 2024 WL 5201011 (W. Va. Ct. App. Dec. 23, 2024) (memorandum decision). The petitioner argues that the lower courts erred by dismissing her claims based on insufficient service of process and for failure to timely file her complaint within the applicable statute of limitations. The petitioner also argues that entry of the circuit court's order did not comply with the relevant procedures under West Virginia Trial Court Rule 24.01. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the ICA's memorandum decision is appropriate. *See* W. Va. R. App. P. 21(c).

The respondent, Ryan Umina, represented the petitioner in a lawsuit involving her employment as a criminal justice professor with Bluefield State College until her attempt to invalidate the settlement reached between the parties of that lawsuit. *See Hallman-Warner*, 2024 WL 5201011, *1 (describing the attorney-client relationship between the petitioner and the respondent for the petitioner's underlying employment litigation). On March 15, 2023, the petitioner filed this action against Mr. Umina for legal malpractice. The circuit court ultimately dismissed the petitioner's complaint without prejudice for insufficient service of process, based on the failure to serve a summons upon the respondent, and with prejudice, based on the petitioner's failure to file her complaint within the applicable statute of limitations. *Id*. at *1-2 (discussing the underlying legal malpractice lawsuit and the procedural timeline).

The petitioner appealed to the ICA, raising four assignments of error. First, the petitioner argued that the circuit court erred in dismissing her complaint for failing to properly serve the respondent. The ICA concluded that dismissal without prejudice for insufficient service of process

---

[1] The petitioner is self-represented. Respondent Ryan Umina is represented by counsel Arie M. Spitz and Lauren E. Motes.

1

was appropriate because it was undisputed that the petitioner failed to serve the respondent with a summons as required. Next, the petitioner argued that the circuit court erred in dismissing her complaint as time barred. The ICA concluded that a two-year statute of limitations applied to the petitioner's complaint because the petitioner's legal malpractice claim sounded in tort and that the claims asserted were untimely based on the accrual of the action as of the date the circuit court dismissed the underlying employment litigation (February 21, 2021), the date argued at the hearing (March 6, 2021), or the date listed in the complaint (December 16, 2016). The petitioner then argued that the circuit court failed to comply with the procedures in Trial Court Rule 24.01 for entry of an order. The ICA concluded that the petitioner did not demonstrate prejudice or reversible error based on the entry of the order under the facts of this case. Finally, the petitioner argued that the circuit court erred by failing to swear in witnesses, but the ICA declined to consider that issue because she failed to adequately support and brief that assignment of error. Accordingly, the ICA affirmed the circuit court's order. The petitioner now appeals.[2]

On appeal to this Court, the petitioner asserts three of the same assignments of error argued at the ICA: (1) that it was improper to dismiss her complaint for insufficient service in these circumstances and without allowing further discovery on the service issue; (2) that her claims against the respondent are not barred by the relevant statute of limitations; and (3) that the circuit court violated Trial Court Rule 24.01. We review de novo a decision of the ICA upholding the circuit court's granting of a motion to dismiss a complaint. Syl. Pt. 1, *Folse v. Rollyson*, 251 W. Va. 566, 915 S.E.2d 344 (2025).

The petitioner's first assignment of error involves service of process. It is undisputed that the petitioner did not serve the respondent with a summons through her process server.[3] Timely service of both a summons with a complaint is required to effectuate proper service under Rule 4 of the West Virginia Rules of Civil Procedure. *See* W. Va. R. Civ. P. 4(c)(1) ("A summons shall be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed . . . [under the rules.]"). Therefore, we agree with the lower courts that the petitioner's failure to serve the respondent with a summons resulted in insufficient service and that dismissal without prejudice on that basis was appropriate.

Next, the petitioner contends that the discovery rule extended the relevant statute of limitations for her legal malpractice claims. Even if the petitioner had properly served the respondent, we agree with the lower courts that, based on the complaint's allegations, the petitioner's claims accrued more than two years before she filed her March 15, 2023, complaint

---

[2] The respondent filed a motion for sanctions while this appeal was pending which we refuse as moot given entry of our decision on the merits of the appeal.

[3] The petitioner's argument that Umina Legal was also a defendant, and therefore the earlier delivery of a summons and complaint by registered mail to an employee of Umina Legal was sufficient service of process, is unpersuasive. The language of the complaint focused on one defendant, Mr. Umina, thus requiring service upon Mr. Umina as an individual. However, we note that even if the petitioner properly named Umina Legal as a defendant and properly served the entity, the conclusions of the circuit court related to the statute of limitations would apply.

and that there is no applicable exception that would extend or toll the two-year statute of limitations. *See* Syl. Pt. 5, *VanSickle v. Kohout*, 215 W. Va. 433, 599 S.E.2d 856 (2004) ("A cause of action for legal malpractice accrues when the malpractice occurs, or when the client knows, or by reasonable diligence should know, of the malpractice."). Therefore, her claims for legal malpractice are time-barred.

Finally, the petitioner argues that the circuit court and the respondent violated Trial Court Rule 24.01, which governs the preparation and submission of proposed orders to trial courts.[4] Specifically, the petitioner claims that a delay in submission of the order by respondent's counsel of more than eleven days after the hearing and entry of the order by the circuit court less than five days after that proposed order's submission constitute reversible error. Under the circumstances of this case, where the petitioner was aware of the substance of the court's ruling from the bench and she failed to identify prejudice resulting from early entry of the order, we conclude that any error which occurred does not rise to the level of reversible error. *See, e.g., Walker v. Fazenbaker*, No. 18-1062, 2020 WL 598327, *4-5 (W. Va. Feb. 7, 2020) (memorandum decision) (discussing lack of reversible error based on early entry of a final order prior to receipt of a petitioner's objections when the petitioner failed to demonstrate prejudice resulted).

Accordingly, we affirm.

Affirmed.

**ISSUED:** March 24, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III

---

[4] In relevant part, Trial Court Rule 24.01 provides:

(c) Although it is preferred that orders be entered . . . [bearing the signature of all parties], unless the judicial officer otherwise directs, counsel responsible for the preparation and presentation of an order may submit the original of the proposed order to the judicial officer within eleven (11) days, with a copy to opposing counsel along with a notice to note objections and exceptions to the order within five (5) days after receipt of the proposed order or such lesser time as the judicial officer directs. Opposing counsel shall notify the presiding judicial officer, in writing, of his or her approval of or objection to the order or any portion thereof. In the event this subsection is utilized, the judicial officer shall consider the order for entry upon approval by all counsel, or after five (5) days from its receipt, if no objection is received by the judicial officer.